UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JON PALMESANO,

                    Plaintiff,

v.                                            Civil Action No. _____

PENTAGROUP FINANCIAL, LLC,

                    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. That the Plaintiff's causes of action under the TCPA are predicated upon the same facts and circumstances that give rise to their Federal cause of action. As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Jon Palmesano, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Pentagroup Financial, LLC is a limited liability company organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

1

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C. §153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

17. That Plaintiff incurred a loan obligation to Citifinancial. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff thereafter defaulted on the subject debt.

20. That upon information and belief Defendant was hired by Citifinancial to collect on the subject debt.

21. That in or about April of 2010, Defendant began calling Plaintiff in an attempt to collect on the subject debt.

22. That beginning in or about May of 2010 and through part of the month of June of 2010, the Defendant called Plaintiff by telephone multiple per week, often multiple times per day in an attempt to collect on the subject debt.

23. That Plaintiff stated to Defendant on multiple occasions that he wanted them to stop calling him.

24. That Plaintiff stated to Defendant on multiple occasions that calling him at any time before 9:00 a.m. was inconvenient to him because it would wake up his infant child.

25. That Plaintiff mailed Defendant a letter requesting that they cease and desist from any further communication with him.

26. That Defendant ignored Plaintiff's requests that they stop calling him as described herein, and also continued to call before 9:00 a.m.

27. That Defendant threatened Plaintiff that they and/or Citifinancial would sue Plaintiff if he did not pay the subject debt.

28. That at the time Defendant threatened Plaintiff with the filing of a lawsuit, neither they nor Citifinancial had decided to sue him, nor had Citifinancial authorized the filing of a lawsuit.

29. That the Defendant made multiple telephone calls to Plaintiff's cellular telephone using an automated dialing system in which they transmitted artificial and/or prerecorded voice messages without Plaintiff's express consent that they call said telephone.

30. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

32. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1) for communicating with Plaintiff at a time which was know to be inconvenient to him.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692c(c) by calling Plaintiff after receiving a letter from him asking that they cease and desist from any further communications with him.

    D. Defendant violated d, 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by falsely representing that they or Citifinancial would sue Plaintiff if he did not pay the subject debt.

33. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991 and 47 C.F.R.64.1200, et seq.)

34. Plaintiff repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

35. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to the Plaintiff's cellular telephone using an automated telephone dialing system and transmitting artificial and/or prerecorded voice to deliver messages without having the express consent of Plaintiff to leave such messages.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused the Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

41. The Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling the Plaintiff to Five Hundred Dollars

4

and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

42. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling the Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 28, 2010

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com